UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:20-cr-00102 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| NICOLE WARREN, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Docs. 68, 69) |
| | ) | |

This matter is before the Court on the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 68) (the "Motion") filed by Defendant Nicole Warren ("Warren"). The United States of America did not file a response.

For the reasons stated below, the Motion is DENIED.

**I.     BACKGROUND**

A federal grand jury charged Warren with bank fraud in violation of 18 U.S.C. § 1344(2) (Count One) and aggravated identity theft in violation of 18 U.S.C. § 1028(A)(a)(1).  Doc. 3. Pursuant to the *Supplemental Information* (Doc. 26), Warren was additionally charged with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2), aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), mail theft in violation of 18 U.S.C. § 1708, access device fraud in violation of 18 U.S.C. § 1029(a)(2), and conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. Doc. 26. Pursuant to a plea agreement (Doc. 28), Warren pled guilty. *See Minutes of Proceedings*, docket entry dated November 30, 2020.

1

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 50. The PSI indicated Warren had a total offense level of 22 (after a three-level reduction for acceptance of responsibility) and a criminal history category of V, therefore the advisory guideline range was 77–96 months. Doc. 50 at p. 34, ¶ 170. The Court ultimately sentenced Warren to a term of 94 months' imprisonment. Doc. 54.

After Warren's sentencing, the United States Sentencing Commission issued Amendment 821. She now seeks retroactive application of Amendment 821 to reduce her sentence to 79 months.

II.     LAW AND ANALYSIS

   A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular

2

circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Warren asks the Court to reduce her sentence under Amendment 821 based on the assertion that the amendment changes her criminal history points and, as a result, the advisory range as to Count One of the indictment and Counts One, Two, and Four–Six of the superseding indictment is lowered to 51–63 months as opposed to the 63–78 months used at the time of sentencing. Doc. 68 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Warren's total criminal history points were ten (10). Doc. 50 at p. 27, ¶ 136. Eight (8) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(a)-(c). Doc. 50 at pp. 24–26, ¶¶ 129–133. Two (2) additional points were

3

added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Warren was on community control for a state conviction of felony escape. Doc. 50 at p. 27, ¶ 135. Warren now argues that the new § 4A1.1(e) would apply to adjust her guidelines range because she would only receive one additional criminal history point due to the offense taking place while she was on community control, therefore her total criminal history points would be nine (9) under the new calculation. Doc. 68 at p. 3. The Court finds that Amendment 821 affects Warren's criminal history computation and she is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Warren's case. *See Jones*, 980 F.3d at 1107. This is due to the nature of the offense, Warren's criminal history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). During the underlying offenses, Warren operated several schemes over the course of almost two years wherein she and co-conspirators defrauded individuals and banks, causing a total loss of over $200,000. Doc. 50 at pp. 7–21, ¶ 15–109. She established fraudulent bank accounts using stolen identities, deposited fraudulent checks, stole legitimate checks, and opened fraudulent credit accounts. Doc. 50 at pp. 7–21, ¶ 15–109. Warren also has a lengthy criminal history which shows she has yet to be deterred from illegal activity, specifically related to fraud. She has prior convictions for grand theft, forgery, identity fraud, passing bad checks, drug trafficking, and escape. Doc. 50 at pp. 24–26, ¶¶ 129–133. This pattern indicates that she has yet to be deterred from returning to criminal activity and lacks

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

respect for the law and others. At the time of sentencing, the Court considered Warren's offenses and criminal history and determined that a 94-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).

The Court recognizes and commends Warren for the personal improvements she has made through education and treatment programs while incarcerated. Doc. 69. However, given the facts and after consideration of the need for the sentence imposed to protect the public and offer adequate deterrence, the Court finds a reduction to Warren's 94-month sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a one-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 68) is DENIED.


Date: <u>October 18, 2024</u>           <u>  /s/ John R. Adams  </u>
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE